The Law Offices of Christine A. Roberts PLLC
Christine A. Roberts, Esq.
Nevada Bar No: 6472
3815 S. Jones Blvd. Suite 5
Las Vegas, NV 89103
Telephone: (702) 728-5285
Email: christine@crobertslaw.net

**Electronically Filed: August 23, 2018**

Attorneys for HLS of Nevada LLC *dba* Nevada West Financial

UNITED STATES BANKRUPTCY COURT
District of Nevada

In Re

SAMUEL L. BUCHANAN and

DEBRA G. BUCHANAN
                Debtors.

CASE NO.: BK-S-18-11656-MKN

Chapter 13

**OPPOSITION TO PLAN CONFIRMATION**

Hearing Date: September 6, 2018

Hearing Time: 1:30 p.m.

      COMES NOW, HLS of Nevada LLC *dba* Nevada West Financial ("Creditor"), by and through its attorney, Christine A. Roberts, of The Law Offices of Christine A. Roberts PLLC, and hereby opposes Debtors' confirmation plan. This Opposition is based upon the entire case file, the Declaration of Mathew Kane, the points and authorities contained herein, and any oral argument the Court may wish to entertain.

/ / /

/ / /

/ / /

/ / /

- 1 -

346400-v1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF FACTS**

1. On or about March 28, 2018, the Debtors filed this Chapter 13 Voluntary Petition and an order for relief was entered. Debtors have filed a previous bankruptcy. Debtors filed one Chapter 13 bankruptcy case, Case No. 13-63479 in the State of Georgia. Debtors received their Chapter13 discharge on October 4, 2013.

2. Debtors, Samuel and Debra Buchanan entered into a Vehicle Sale Agreement with Nevada West Financial for a 2015 Honda Civic, Vin # 19XFB2F73FE090376 in the amount of $17,545.04.

3. The agreement term commenced on July 25, 2016 and continued until June 25, 2022. According to the contact the Debtors agreed to pay $403.12 monthly at an annual interest rate of 18%. The loan payoff, including interest as of April 2, 2018, is $14,795.10.

4. Creditor has not received a payment on the vehicle loan for 48 days.

5. Debtors have filed a Chapter 13 plan which purports to cram down the value of the vehicle and the interest rate but did not file a motion to value the collateral. Pursuant to the plan Debtors will make payments directly to the Creditor pursuant to the contract but Debtors propose cramming down the interest to 5 %.

6. Since the filing of the plan Debtors have failed to keep making timely payments on this vehicle.

7. The Trustee has filed an Objection to Confirmation based on numerous issues including plan feasibility.

**II. ARGUMENT**

**A.   The Claim Can Not Be Modified**

This claim may not be modified pursuant to 11 U.S.C § 1325 (a). Debtors entered into the contract with creditor within 910 days of the filling of the Petition. Debtors entered into the contract in June 2016 and Debtors have filed their Petition in March 2018. Therefore the claim may not be modified to 5 % from the contract.

346400-v1

### B. **Debtors' Plan is Not Feasible**

Debtors' plan is not feasible. Debtors may have sufficient income to make their payments. However Debtors have failed to make their last two car payments post-petition. This demonstrates Debtors do not have the ability to make payments.

### C. **Creditor Does Not Agree to the Treatment of This Claim**

Debtors propose to cram down the vehicle in the plan but to date have not filed a motion to value collateral. A plan may not be confirmed unless a secured creditor accepts the plan pursuant to 11 U.S.C § 1325 (a)(5). Since creditor has not agreed to the proposed treatment creditor requests plan confirmation be denied.

**WHEREFORE**, HLS of Nevada LLC *dba* Nevada West Financial prays for judgment as follows:

    i.    For an Order denying confirmation of Debtors' plan;

    ii.    For such other relief as the Court deems appropriate.

Dated:   August 23, 2018            LAW OFFICES OF CHRISTINE A. ROBERTS

By:   */s/ Christine A. Roberts*
CHRISTINE A ROBERTS, ESQ.
Attorneys for HLS of Nevada LLC *dba* Nevada West Financial

- 3 -

346400-v1